Scekic v SL Green Realty Corp. (2018 NY Slip Op 01426)





Scekic v SL Green Realty Corp.


2018 NY Slip Op 01426


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


13386/10 5742 590275/11 590815/11 590948/12 5741

[*1]Zoran Scekic, et al., Plaintiffs,
v
SL Green Realty Corp., et al., Defendants.
Structure Tone, Inc., Third-Party Plaintiff-Appellant,
v
React Industries, Inc., et al., Third-Party Defendants-Respondents, Schindler Elevator, Third-Party Defendant.
Structure Tone, Inc., Second Third-Party Plaintiff-Appellant, SL Green Realty Corp., Second Third-Party Plaintiff,
v
FRP Sheet Metal Contracting Corp., Second Third-Party Defendant-Respondent.
Structure Tone, Inc., Third Third-Party Plaintiff-Appellant, SL Green Realty Corp., et al., Third Third-Party Plaintiffs,
v
React Industries, Inc., et al., Third Third-Party Defendants-Respondents, Schindler Elevator, Third Third-Party Defendant.


Barry, McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Daniel P. Mevorach of counsel), for React Industries, Inc., respondent.
Wade Clark Mulcahy, New York (Georgia G. Coats of counsel), for FL Mechanical LLC, respondent.
Fabiani Cohen & Hall, LLP, New York (Allison A. Synder of counsel), for FRP Sheet Metal Contracting Corp., respondent.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered August 5, 2016, to the extent appealed from as limited by the briefs, dismissing the third-party complaints as against React Industries, Inc. and FL Mechanical LLC, and the second-third party complaint, and bringing up for review the pretrial dismissal of the complaint and all claims as against defendant 1515 Broadway Fee Owner, LLC, unanimously modified, on the law, to vacate the dismissal of the second-third-party complaint, and reinstate the second third-party claim for contractual indemnification as against FRP Sheet Metal Contracting Corp., and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 26, 2016, as amended July 26, 2016, which denied Structure Tone's motion to set aside the jury verdict as to its claims against React and for reconsideration of its motion for a directed verdict against React as to contractual defense and indemnification, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The purchase orders issued by Structure Tone to FRP and by FRP to React establish that Structure Tone subcontracted all the HVAC work to FRP, which sub-subcontracted the mechanical portion of that work to React. The jury's express and implicit findings that there were contractual agreements between Structure Tone and FRP and between FRP and React, but none between Structure Tone and React, are consistent with the "long-established principles
. . . [that] the existence of a binding contract is not dependent on the subjective intent of either [party,] [and that] [i]n determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look, rather, to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds" (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399 [1977] [citations omitted]). Thus, Structure Tone's second third-party claim against FRP for contractual indemnification is reinstated.
When the blanket indemnity agreement between Structure Tone and React is read "as a harmonious and integrated whole" (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., NY3d, 2017 NY Slip Op 08622, *2 [2017] [internal quotation marks omitted]), it is plain that a direct contractual relationship between Structure Tone and React is required as a predicate for React to have an indemnity obligation to Structure Tone thereunder. Since the project at issue was deliberately structured to avoid creating a direct contractual relationship between these two parties, the blanket indemnity agreement does not apply in this case.
The trial court correctly precluded parol evidence that Structure Tone was the "customer" referred to in FL Mechanical's indemnity agreement with React. In any event, under that agreement, FL Mechanical owed indemnity only for claims arising from its own negligence, and the jury found that it was not negligent. Structure Tone is not aggrieved by the dismissal of 1515 Broadway's claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK